UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

TAURIGA SCIENCES, INC.,
A Florida Corporation.

CASE NO.:

Plaintiff

vs.

COWAN, GUNTESKI & CO., P.A.
A Foreign Corporation; DONALD
COWAN, an Individual; and WILLIAM
MYLER, an Individual.

Defendant.
_____/

**COMPLAINT FOR MALPRACTICE AND OTHER RELIEF**

The Plaintiff, TAURIGA SCIENCES, INC. ("Tauriga") a Florida Corporation, by and through its undersigned attorneys and files this Verified Complaint and sues the Defendants, COWAN, GUNTESKI & CO., ("CGC"), DONALD COWAN ("Cowan") and WILLIAM MEYLER ("Meyler"), and does state:

**GENERAL AND JURISDICTIONAL ALLEGATIONS**

1. This is an action by Tauriga, a Florida Corporation authorized to conduct business in Broward County, Florida, against CGC for accounting malpractice, unjust enrichment, and against Meyler and Cowan for Negligent Misrepresentation in the disposition of Tauriga's accounting affairs. This action arises from CGC failure to use the requisite care and skill in the independent auditing of Tauriga's books and records, in rendering unqualified independent opinions regarding Tauriga's financial position, as well as its, as well as Cowan failure to disclose to Tauriga that CGC and Meyler was subject to an ongoing disciplinary proceeding by the Public Company Accounting Oversight Board ("PCAOB"), which eventually resulted in a finding of

violations of the Security Exchange Commission Regulations S-X and Rule 2-10 by CGC, and Meyler's failure to disclose that he could not act, for the physical year 2014, as Tauriga's lead auditor.

2. At all times material, Tauriga is a Florida Corporation authorized to and conducting business in Florida and, as such, the harm as described herein occurred in Florida.

3. The Defendant, CGC is a New Jersey Accounting Firm, with its principle place of business in New Jersey. At the time of its initiation of accounting services to Tauriga, CGC knew that Tauriga was a Florida Corporation and, thus, would subject itself to venue in Florida in the event of controversy or litigation. CGC is otherwise sui juris.

4. The Defendant, Cowan, is an individual and, to the best knowledge and belief, a resident of New Jersey. As Cowan also provided accounting services to Tauriga, Cowan knew that Tauriga was a Florida Corporation and, thus, would subject itself to venue in Florida in the event of controversy or litigation.

5. The Defendant, Meyler is an individual and, to the best knowledge and belief, a resident of New Jersey. As Meyler also provided accounting services to Tauriga, Meyler knew that Tauriga was a Florida Corporation and, thus, would subject itself to venue in Florida in the event of controversy or litigation.

6. Plaintiff brings its complaint under Federal Diversity Jurisdiction, 28 U.S.C. § 1332, as the parties are completely diverse in citizenship and the amount of controversy exceeds $75.000.00.

7. All conditions precedent to the filing of this action, if any, have been performed or are otherwise waived.

## APPLICABLE FACTS

8. Tauriga, by itself and through its subsidiaries, amongst other things, is a developer of an alternative "cleantech energy" platform which focuses in on creating energy through the consumption of polluting molecules from wastewater.

9. As a publicly traded company, Tauriga, must utilize the services of a registered public accounting firm to issue a wholly independent audit of its financial statements. The purpose of the independent audit is to ensure to its shareholders and potential investors that its financial statements were prepared with the upmost of care, accuracy, and are otherwise fairly presented. To communicate that assurance, the firm engaged as an independent auditor must prepare and provide a report that includes an opinion about whether the company's financial statements are fairly presented and free of material misrepresentations.

10. The Defendant, Meyler, was engaged as Tauriga's, external auditor in 2009[1], and conducted audits of Tauriga's financial statements from 2009 through 2012. As part and parcel of its services during this four year accounting period, Meyler issued audit reports with the Securities Exchange Commission (the "Commission") and issued opinions on those financial statements. During this four year accounting period, Meyler acted as the lead audit partner for Tauriga and authorized the issuance of all audit reports.

11. In and around 2013, Meyler's accounting office was merged with CGC.

12. In 2013, Tauriga engaged the services of CGC as its new external auditor and with the sole purpose of providing an independent audit of Tauriga's financial statements. During the physical year 2013, Meyler remained as the lead audit partner, with the knowledge and

---

[1] Tauriga changed its name from Immunovative, Inc. in March of 2013, which itself had changed its name from Novo Energies Corporation in April of 2012. As such, some of the work performed by Meyler may have been for Tauriga's predecessor names.

acquiescence of CGC. During 2013, CGC, with Meyler, audited Tauriga's financial statements and issued an audit report, which was filed with the Commission.

13. In 2014, CGC continued to serve as Tauriga's external auditor and, after serving as the lead audit partner for the preceding five year period, Meyler continued, with the knowledge of CGC to serve as lead audit partner on the audit of Tauriga's 2014 year-end financial statements. CGC and Meyler also authorized the issuance of an audit report that was included in the filing of a Form 10-K with the Commission, which expressed an opinion as to the representations of Tauriga's financial statements.

14. Section 10A of the Securities and Exchange Act prohibits an accounting firm from providing audit services to an issuer of stock, such as Tauriga, if its lead or audit partner has "performed audit services for that issuer in each of the 5 previous fiscal years of that issuer".

15. Rule 2-01 of the Commission Regulation S-X provides that an accounting Firm that violates Section 10A of the Securities and Exchange Act is not independent of the audit client, thus rendering any independent audits it may have conducted ineffectual.

16. As a direct result of CGC's continued use of Meyler as its lead audit partner in 2014, after the fifth year of service, CGC failed to comply with Exchange Act 10A and, as a result, were not independent of Tauriga when it issued its 2014 "independent" audit report.

17. As a result of this violation by CGC, the PCAOB issued a release and disciplinary notice against CGC dated July 23, 2015. A true and correct copy of the Disciplinary Notice and Violation ("Violation") is attached hereto as "Exhibit A".

18. As a result of the Violation by CGC, Tauriga's required independent audit for the year 2014 was unusable as it was not a properly conducted independent audit.

19. As a result of unusable audit report, Tauriga was unable to comply with its reporting obligations under the Securities and Exchange Act, and, as such, the publicly traded shares of

Tauriga were delisted. As a result of this delisting, Tauriga has endured difficulties in securing additional working capital in order to fund its ongoing operations. Moreover, the negative press has created negative goodwill between Tauriga and its investors, shareholders and associations, which has further damaged its ongoing business, and required Tauriga to utilize its own resources in order to continue its ongoing operations.

20. Additionally, the delisting of Tauriga's stock, caused by CGC, has created a potential contractual default between Tauriga and its other business associations for Tauriga's failure to comply with its reporting requirements. These damages liquidated and ongoing.

21. Moreover, Tauriga paid CGC over Four Hundred and Thirty Thousand ($430,000.00) Dollars in expenses and costs relating to the preparation of the unusable and negligently filed audit report in the year 2014.

22. As a result of the unusable audit report, Tauriga has expended over Fifty-Thousand ($50,000.00) additional dollars in order to engage new auditors to re-audit Tauriga in an attempt to comply with the Security and Exchange Commission's reporting requirement. It is expected that Tauriga will have to expend additional monies in order to completely correct the negligent filings.

23. Tauriga's attempt to minimize the negligence caused by CGC has been directly hampered by CGC's refusal, despite notice and request, to turn over to Tauriga all of its papers, receipts, analysis, records and books, which would have otherwise assisted Tauriga. This continual failure by CGC was willful, intentional, and forms a basis for the imputation of punitive damages against CGC.

24. To make matters worse, after the Violation, it was discovered by Tauriga that CGC was subject to additional investigations by the PCAOB, which were known by CGC and Cowan, but not disclosed to Tauriga.

25. The Plaintiff has hired the undersigned law firm to represent its interests and has agreed to pay a reasonable attorney fee for its services.

## COUNT ONE- MALPRACTICE AGAINST CGC

The Plaintiff, Tauriga, sues the Defendant CGC for Malpractice, and reincorporates and reavers the allegations found in paragraphs 1-25 of this Complaint as set herein and does further state:

26. The Defendant, CGC, is a professional accounting firm which was engaged by the Plaintiff to perform a wholly independent audit of its year-end financial statements, in accordance with the Rules promulgated by the Securities and Exchange Commission, for the years 2013 and 2014.

27. The Defendant, CGC utilized Meyler as CGC's lead audit partner for the years 2013 and 2014, in violation of Section 10A of the Securities and Exchange Act, which prohibits an accounting firm from providing audit services to the issuer of stock, such as Tauriga, if its lead or audit partner has "performed audit services for that issuer in each of the five previous fiscal years of that issuer".

28. CGC had a duty to exercise the requisite professional care of auditors and accountants performing such services in accordance with all of the applicable rules, statutes, regulations, and all other professional standards.

29. CGC failed to exercise the required professional care and skill and departed from these essential requirements in its handling, conducting, preparing, and filing the independent audit of Tauriga. CGC failed to recognize that the utilization of Meyler in year 2014 would render the audit report non-independent and unusable, and would result in Violations against CGC and which would directly contribute to Tauriga's stock being delisted and damage to Tauriga.

30. As a direct and proximate cause and result of CGC negligence, Tauriga suffered, and continues to suffer damages, both liquidated and unliquidated, in an amount to be determined at trial.

31. The Plaintiff reserves the right to amend to add a claim for punitive damages should the facts so reveal.

## COUNT TWO – UNJUST ENRICHMENT AGAINST CGC AND MEYLER

The Plaintiff, Tauriga, sues the Defendants CGC and Meyler for Unjust Enrichment, and reincorporates and reavers the allegations found in paragraphs 1-25 of this Complaint as set herein and does further state:

32. CGC and Meyler served as Tauriga's professional accounting firm for the sole purpose of providing a usable independent audit as required by the Securities and Exchange Commission.

33. Even after being becoming merged with CGC, Meyler continued to serve as lead auditor of Tauriga's year-end financial statements. As a result of CGC and Meyler's negligence, the audit report rendered by CGC and Meyler was unusable for its purpose, and a violation of the Securities and Exchange Commission Rules.

34. For their services, CGC and Meyler were paid a fee exceeding Four Hundred and Thirty ($430,000.00) Thousand Dollars in 2014.

35. As evidenced by the above described negligence, it is both against equity and good conscience to permit both CGC and Meyler to retain the monies paid to them by Tauriga.

36. Accordingly, Tauriga seeks disgorgement of all monies, profits, and gains that both CGC and Meyler received in connection with its provision of such services to Tauriga, together with interest thereon.

## COUNT THREE- NEGLIGENT MISREPRESENTATION AGAINST COWAN

The Plaintiff, Tauriga, sues the Defendant Cowan for Negligent Misrepresentation, and reincorporates and reavers the allegations found in paragraphs 1-25 of this Complaint as set herein and does further state:

37. At all times material, Cowan represented to Tauriga that he had the professional wherewithal to properly prepare a usable independent audit on behalf of Tauriga and in accordance with the Rules promulgated by the Securities and Exchange Commission.

38. At all times material, Tauriga relied on Cowan's representations to its detriment.

39. At all times material, Cowan, individually, was aware that the Public Company Accounting Oversight Commission Board was investigating CGC and Cowan for violations of the Rules promulgated by the Securities and Exchange Commission.

40. This information was material as had it been known to Tauriga, Tauriga could have utilized a different auditor and avoided a significant part of the damages.

41. Cowan was negligent when he failed to disclose this material information, or negligently omitted this material information, when he stated that he had the professional wherewithal to conduct a usable independent audit on behalf of Tauriga.

42. As a result of this negligent misrepresentation by Cowan, Tauriga has been and continues to be damaged.

## COUNT THREE- NEGLIGENT MISREPRESENTATION AGAINST MEYLER

The Plaintiff, Tauriga, sues the Defendant Cowan for Negligent Misrepresentation, and reincorporates and reavers the allegations found in paragraphs 1-25 of this Complaint as set herein and does further state:

43. At all times Meyler knew that he had served as lead auditor for Tauriga for the five years prior to 2014.

44. Meyler knew, or should have known, that Section 10A of the Securities and Exchange Act prohibits an accounting firm from providing audit services to an issuer of stock, such as Tauriga, if its lead or audit partner has "performed audit services for that issuer in each of the 5 previous fiscal years of that issuer".

45. Meyler knew, or should have known, that he could not serve as Tauriga's lead audit partner when asked by CGC to serve in that capacity for the year 2014.

46. Meyler knew, or should have known, that his service as the lead audit partner in 2014 would render any independent audit report prepared by him or CGC unusable and in violation of the Security Exchange Commission Rules.

47. Meyler failed to disclose this information to Tauriga and, instead, led Tauriga to believe that any services provided by Meyler were performed in accordance with any applicable Rules and Regulations.

48. As such, Meyler made false statements and/or omissions concerning these material facts to which Meyler knew, or reasonably should have known, were false.

49. Meyler made false statements and/or omissions regarding his capacity to perform services for Tauriga with the intentions that they would induce the Plaintiff to utilize his services, and the services of CGC.

50. Tauriga reasonably and justifiably relied to its detriment on these false statements and/or omissions when it decided to utilize Meyler and CGC's services, and paid fees and costs in connection with these services.

51. Tauriga has thereby incurred substantial damages as a direct and proximate result of Meyler's negligent misrepresentations, statements/and or/omissions.

WHEREFORE, Plaintiff respectfully requests that a judgment be entered in their favor against all Defendants

1. Awarding compensatory damages in an amount to be determined at trial against all Defendants/

2. Award punitive damages against CGC in an amount to be determined at trial

3. Awarding disgorgement of all monies, profits and gains, CGC and Meyler unjustly obtained from Tauriga for their unjust enrichment.

4. Awarding prejudgment and post judgment interest.

5. Awarding the costs associated with this proceeding.

6. Awarding Tauriga its attorney's fees, expert fees, and;

7. Awarding any such relief as this Court deems right and just and right

*Respectfully submitted,*

SILVERBERG & WEISS, P.A.
*Attorney for Plaintiff*
1290 Weston Road, Suite 218
Weston, Florida 33326
Primary e-mail: Notices@pkslegal.com
Tel: (954) 384-0998
Fax: (954) 384-5390

By: */s/ Paul K. Silverberg*
     Paul K. Silverberg, Esq.
     Fla. Bar No. 147877
     Kraig S. Weiss, Esq.
     Fla. Bar No. 63193