

1666 K Street, N.W.
Washington, DC 20006
Telephone: (202) 207-9100
Facsimile: (202) 862-0757
www.pcaobus.org

ORDER INSTITUTING DISCIPLINARY PROCEEDINGS, MAKING FINDINGS, AND IMPOSING SANCTIONS

*In the Matter of Cowan, Gunteski & Co., P.A. and William Meyler, CPA*

*Respondents.*

PCAOB Release No. 105-2015-021

July 23, 2015

By this Order, the Public Company Accounting Oversight Board ("Board" or "PCAOB") is censuring the registered public accounting firm Cowan, Gunteski & Co., P.A. ("Cowan" or the "Firm") and censuring William Meyler, CPA ("Meyler"). The Board is imposing these sanctions on the basis of its findings concerning the Firm's and Meyler's (collectively, "Respondents"): (1) violations of Section 10A(j) of the Securities Exchange Act of 1934 ("Exchange Act"), Exchange Act Rule 10A-2, and PCAOB rules and standards in connection with the Firm's audits of two issuer clients.

**I.**

The Board deems it necessary and appropriate, for the protection of investors and to further the public interest in the preparation of informative, accurate, and independent audit reports, that disciplinary proceedings be, and hereby are, instituted pursuant to Section 105(c) of the Sarbanes-Oxley Act of 2002, as amended (the "Act"), and PCAOB Rule 5200(a)(1) against Respondents.

**II.**

In anticipation of institution of these proceedings, and pursuant to PCAOB Rule 5205, Respondents have each submitted an Offer of Settlement ("Offers") that the Board has determined to accept. Solely for purposes of these proceedings and any other proceedings brought by or on behalf of the Board, or to which the Board is a party, and without admitting or denying the findings herein, except as to the Board's jurisdiction over them and the subject matter of these proceedings, which is admitted,

EXHIBIT "A"





## ORDER

Respondents consent to entry of this Order Instituting Disciplinary Proceedings, Making Findings, and Imposing Sanctions ("Order") as set forth below.[1]

### III.

On the basis of Respondents' Offers, the Board finds that:

### A. Respondents

1. Cowan, Gunteski, & Co, P.A. is, and at all relevant times was, a professional association organized under the laws of the state of New Jersey, and headquartered in Toms River, New Jersey. Cowan is registered with the Board pursuant to Section 102 of the Act and PCAOB rules. Cowan is licensed by the New Jersey State Board of Accountancy (license no. 20CB00205500). Cowan merged with Meyler & Co., LLC in early 2013. At all relevant times, either Cowan or Meyler & Co., LLC was the external auditor for each of the issuers identified below.

2. William Meyler, 70, of Middletown, New Jersey, is a certified public accountant licensed under the laws of the state of New Jersey (license no. 20CC00656300). At all relevant times, he was an associated person of a registered public accounting firm as that term is defined in Section 2(a)(9) of the Act and PCAOB Rule 1001(p)(i).

### B. Summary

3. This matter concerns Respondents' violations of Section 10A(j) of the Exchange Act, Exchange Act Rule 10A-2, and PCAOB rules and auditing standards that require a registered public accounting firm and its associated persons be independent of the firm's audit clients throughout the audit and professional engagement period. Respondents were not independent with respect to one issuer audit client, Tauriga Sciences, Inc. ("Tauriga"), because Meyler served as lead partner on the audits of that client's financial statements for more than five consecutive years.[2]

---

[1] The findings herein are made pursuant to the Respondents' Offers and are not binding on any other persons or entities in this or any other proceeding.

[2] See Section 10A(j) of the Exchange Act; Exchange Act Rule 10A-2, *Auditor Independence*; PCAOB Rule 3520, *Auditor Independence*; and AU §§ 220.01-02, *Independence*.





**ORDER**

4. This matter also concerns Respondents' failure to comply with Auditing Standard No. 7, *Engagement Quality Review* ("AS 7"), with respect to one issuer audit client, China Ginseng Holdings, Inc. ("China Ginseng"), because Meyler served as engagement quality reviewer immediately after serving as the engagement partner for China Ginseng without satisfying the mandatory two-year "cooling-off" period for former engagement partners.[3]

**C. Respondents Violated PCAOB and Exchange Act Rules, and PCAOB Auditing Standards**

5. In connection with the preparation or issuance of an audit report, PCAOB rules require that a registered public accounting firm and its associated persons comply with the Board's auditing and related professional practice standards.[4] PCAOB rules and standards require that a registered public accounting firm and its associated persons be independent of the firm's audit client throughout the audit and professional engagement period.[5] A registered public accounting firm or associated person's independence obligation with respect to an audit client that is an issuer encompasses not only an obligation to satisfy the independence criteria set out in the rules and standards of the PCAOB, but also an obligation to satisfy all other independence criteria applicable to the engagement, including the independence criteria set out in the rules and regulations of the Securities and Exchange Commission ("Commission") under the federal securities laws.[6]

6. Section 10A(j) of the Exchange Act provides, "[i]t shall be unlawful for a registered public accounting firm to provide audit services to an issuer if the lead (or coordinating) audit partner (having primary responsibility for the audit), or the audit partner responsible for reviewing the audit, has performed audit services for that issuer in each of the 5 previous fiscal years of that issuer." Exchange Act Rule 10A-2 provides

---

[3] See AS 7 ¶ 8; see also PCAOB Release 2009-004, Auditing Standard No. 7 – *Engagement Quality Review and Conforming Amendment to the Board's Interim Quality Control Standards.* At all relevant times, Cowan had 10 or more partners and did not qualify for AS 7 ¶ 8's small firm exemption.

[4] See PCAOB Rules 3100, *Compliance with Auditing and Related Professional Standards*, and 3200T, *Interim Auditing Standards*.

[5] See PCAOB Rule 3520; see also AU §§ 220.01-02.

[6] See PCAOB Rule 3520, Note 1.





**ORDER**

that it shall be unlawful for an auditor not to be independent with respect to, among other requirements, the partner rotation requirements of Commission Regulation S-X.

7. Rule 2-01 of Commission Regulation S-X provides that an accountant is not independent of an audit client when an audit partner performs the services of lead or concurring audit partner for the same issuer for more than five consecutive years and within the five consecutive year period following the performance of services for the maximum period permitted. The partner rotation requirements set forth in Rule 2-01 were promulgated in 2003.[7]

8. For audits of financial statements for years beginning on or after December 15, 2009, AS 7 requires that an engagement quality review be performed on audits and interim reviews conducted pursuant to PCAOB standards.[8] Further, paragraph 8 of AS 7 provides: "[t]he person who served as the engagement partner during either of the two audits preceding the audit subject to the engagement quality review may not be the engagement quality reviewer."

9. In addition, PCAOB rules prohibit an associated person of a registered public accounting firm from "tak[ing] or omit[ting] to take an action knowing, or recklessly not knowing, that the act or omission would directly and substantially contribute to a violation by that registered public accounting firm of the Act, rules of the Board, the provisions of the securities laws relating to the preparation and issuance of audit reports and the obligations and liabilities of accountants with respect thereto, including the rules of the Commission issued under the Act, or professional standards."[9]

10. As described below, Respondents failed to comply with Exchange Act Rule 10A-2 and PCAOB rules and standards, the Firm failed to comply with Section 10A(j) of the Exchange Act, and Meyler took or omitted to take actions knowing, or recklessly not knowing, that his acts and/or omissions would directly and substantially contribute to the Firm's violations of Section 10A(j) of the Exchange Act.

---

7 See Rule 2-01 of Regulation S-X, 17 C.F.R. §§ 210.2-01(c)(6)(i)(A)(1) and (c)(6)(i)(B)(1). At all relevant times, Cowan had 10 or more partners and did not qualify for the small firm exemption. Id. at § 210.2-01(c)(6)(ii).

8 See AS 7 ¶ 1.

9 See PCAOB Rule 3502, *Responsibility Not to Knowingly or Recklessly Contribute to Violations.*






**ORDER**

Audits of Tauriga's Financial Statements

11. At all relevant times, Tauriga Sciences, Inc. was a Florida corporation headquartered in Danbury, Connecticut. Tauriga's public filings disclose that it was engaged in the business of developing a method of remediating wastewater generated by nuclear energy production, developing an alternative clean energy platform using proprietary microbial solutions that create electricity while consuming polluting molecules from wastewater, and selling a topical medicinal cannabis product. At all relevant times, Tauriga was an issuer as that term is defined by Section 2(a)(7) of the Act and PCAOB Rule 1001(i)(iii).

12. Meyler & Co., LLC was engaged as Tauriga's external auditor in 2009. Meyler & Co., LLC audited Tauriga's March 31, 2009 through 2012 year-end financial statements over a period of four consecutive fiscal years,[10] and issued audit reports, which were filed with the Commission, expressing unqualified opinions on those financial statements. Meyler served as the lead audit partner on each of the Tauriga engagements and authorized the issuance of all audit reports during this four-year period.

13. Cowan was engaged as Tauriga's external auditor in 2013. Cowan audited Tauriga's March 31, 2013 year-end financial statements and issued an audit report, which was filed with the Commission, expressing an unqualified opinion on the financial statements. Meyler served as the lead audit partner on the March 31, 2013 Tauriga engagement and authorized the issuance of the audit report for a fifth consecutive year.

14. After serving as lead audit partner for the aforementioned five year period, Meyler continued to serve as the lead audit partner on the audit of Tauriga's March 31, 2014 year-end financial statements in violation of Exchange Act Rule 10A-2, PCAOB Rule 3520, and AU § 220. Meyler also authorized the issuance of an audit report that was included in a Form 10-K filed with the Commission, expressing an unqualified opinion on those financial statements, even though the Firm and Meyler were not independent of the client. As a result, both Respondents failed to comply with Exchange Act Rule 10A-2 and PCAOB Rule 3520, and AU § 220.

---

[10] The initial audit report, issued in 2009, covered Tauriga's March 31, 2008 and 2009 year-end financial statements.





**ORDER**

Audits of China Ginseng Holdings, Inc.'s Financial Statements

15. At all relevant times, China Ginseng was a Nevada corporation headquartered in the People's Republic of China. China Ginseng's public filings disclose that it was in the business of farming, processing, distributing, and marketing fresh ginseng, as well as the business of producing and selling ginseng juice and wine. At all relevant times, China Ginseng was an issuer as that term is defined by Section 2(a)(7) of the Act and PCAOB Rule 1001(i)(iii).

16. Meyler & Co., LLC audited China Ginseng's June 30, 2012 year-end financial statements, and issued an audit report, which was filed with the Commission, expressing an unqualified opinion on the financial statements. Meyler served as the lead audit partner for the China Ginseng audit and authorized the issuance of the audit report.

17. Cowan was engaged as China Ginseng's external auditor in 2013. Cowan audited China Ginseng's June 30, 2013 year-end financial statements and issued an audit report, which was filed with the Commission, expressing an unqualified opinion on the financial statements. After serving as the lead audit partner on the prior year's audit, Meyler immediately served as the engagement quality reviewer on the June 30, 2013 China Ginseng audit without satisfying the mandatory two-year "cooling-off" period. As a result, Respondents violated AS 7.[11]

**IV.**

In view of the foregoing, and to protect the interests of investors and further the public interest in the preparation of informative, accurate, and independent audit reports, the Board determines it appropriate to impose the sanctions agreed to in Respondents' Offers.

---

11 See AS 7 ¶ 8.





**ORDER**

Accordingly, it is hereby ORDERED that:

A. Pursuant to Section 105(c)(4)(E) of the Act and PCAOB Rule 5300(a)(5), Cowan, Gunteski & Co., P.A. and William Meyler, CPA are hereby censured.

ISSUED BY THE BOARD.

/s/ Phoebe W. Brown

Phoebe W. Brown
Secretary

July 23, 2015