UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 0:15-CV-62334-ROSENBERG/BRANNON

TAURIGA SCIENCES, INC.,

    Plaintiff,

v.

COWAN, GUNTESKI & CO., P.A.,
et al.,

    Defendants.
_____/

ORDER SETTING STATUS CONFERENCE, CALENDAR CALL,
AND TRIAL DATE AND ORDER OF REFERENCE TO MAGISTRATE

**PLEASE TAKE NOTICE** that the above-captioned cause is hereby **RE-OPENED** and set for **Trial** before the Honorable Robin L. Rosenberg, United States District Judge, at the United States District Court at 701 Clematis Street, Fourth Floor, Courtroom 2, West Palm Beach, Florida, during the **two-week trial period commencing** January 23, 2017 at 9:00 a.m., or as soon thereafter as the case may be called. **PLEASE TAKE FURTHER NOTICE** that a **Pre-Trial Status Conference** will be held on December 7, 2016 at 9:30 a.m., and a **Calendar Call** will be held on January 18, 2017 at 9:00 a.m. **Counsel may appear at the Status Conference and the Calendar Call via telephone but must file a notice of telephonic appearance at least one (1) day prior to the Status Conference or Calendar Call.**[1]

Instructions for appearing via telephone are as follows:

    Please call five (5) minutes prior to the Status Conference or Calendar Call at the number below.

---

[1] The status conference and calendar call will be held at the address and location specified above. In the event the Court's schedule requires the status conference or calendar call to be held at another location, the Court will notify the parties by order.

1. *Toll-Free Number: 1 (877) 873-8018*
2. *Access Code: 9890482*
3. *Security Code: 4008*

Pursuant to 28 U.S.C. § 636(b)(l)(A) and the Magistrate Judge Rules of the Local Rules of the Southern District of Florida, the above-captioned cause is hereby referred to United States Magistrate Judge Dave Lee Brannon to conduct a Pre-Trial Conference pursuant to Rule 16 of the Federal Rules of Civil Procedure. The purpose of this Pre-Trial Conference is to discuss: (1) possible consent to magistrate judge jurisdiction; (2) pre-trial deadlines; (3) mediation and settlement conferences; and (4) discovery protocols. All counsel of record are required to attend this Conference, which will be noticed by Magistrate Judge Brannon. Following the Pre-Trial Conference, Judge Brannon shall issue a pre-trial scheduling order.

**Judge Brannon may modify the above-set trial date only if a motion for such relief is filed prior to the Pre-Trial Conference.** After the Pre-Trial Conference has been held, any request to modify the trial date will be decided by the undersigned and will be considered only upon good cause shown.

Counsel shall comply with the undersigned's rules as follows:

**1. JURY TRIALS**

In addition to filing their proposed jury instructions with the Clerk (the date for filing the proposed jury instructions is set forth in the pre-trial scheduling order), the parties shall also submit A SINGLE JOINT SET of proposed jury instructions and verdict form in Word format directly to Rosenberg@flsd.uscourts.gov.[2] To the extent these instructions are based upon the Eleventh Circuit pattern jury instructions, counsel shall indicate the appropriate Eleventh

---

[2] The joint set of proposed jury instructions should include both preliminary jury instructions (from the appropriate Eleventh Circuit pattern instructions) as well as final jury instructions. Proposed voir dire questions and verdict forms should be e-mailed in Word format to this e-mail address as well.

Circuit pattern jury instruction upon which their instruction is modeled. All other instructions shall include citations to relevant supporting case law.

The parties need not agree on the proposed language of each instruction or question on the verdict form. Where the parties do agree on a proposed instruction or question, that instruction or question shall be set forth in Times New Roman 14 point typeface. Instructions and questions proposed only by the plaintiff(s) to which the defendant(s) object shall be italicized. Instructions and questions proposed only by defendant(s) to which plaintiff(s) object shall be bold-faced. Each jury instruction shall be typed on a separate page and, except for Eleventh Circuit pattern instructions clearly identified as such, must be supported by citations to authority. In preparing the requested jury instructions, the parties shall use as a guide the pattern jury instructions for civil cases approved by the Eleventh Circuit, including the directions to counsel contained therein.

2. **BENCH TRIALS**

An additional copy of all proposed Findings of Fact and Conclusions of Law (the date for filing the proposed Findings of Fact and Conclusion of Law is set forth in the pre-trial scheduling order) shall be sent in Word format to the chambers e-mail account listed above. Proposed Conclusions of Law must be supported by citations to authority.

3. **EXHIBIT AND WITNESS LISTS**

Counsel shall submit to the Court a typed list of proposed witnesses and/or exhibits (the date for filing the proposed witnesses and/or exhibit lists is set forth in the pre-trial scheduling order). All exhibits shall be pre-labeled in accordance with the proposed exhibit list. Exhibit labels must include the case number. A typewritten exhibit list setting forth the number, or

letter, and description of each exhibit must be submitted prior to trial. The parties shall submit said exhibit list on Form AO 187, which is available from the Clerk's office.

### 4. TRIAL PLAN AND PRE-TRIAL STATUS CONFERENCE

At the Pre-Trial Status Conference, the Court will require all parties to estimate the total number of witnesses each party intends to call at trial and to estimate the total amount of time requested for trial.

The parties shall file a joint trial plan no later than two (2) business days prior to calendar call. By way of example, if calendar call falls on a Wednesday, the joint trial plan shall be filed no later than the preceding Monday at 11:59 p.m. Also by way of example, if calendar call falls on a Wednesday and the preceding Monday is a federal holiday, the joint trial plan shall be filed no later than the preceding Friday at 11:59 p.m. The joint trial plan shall set forth the following information: (1) the anticipated length of time required for each party's opening statement; (2) the witnesses each party intends to call at trial, listed in the order in which these witnesses will be called;[3] (3) a *brief* description of each witness (*e.g.,* the identity of the witness and the relationship of the witness to any parties in the case); (4) whether the witness is an expert and, if so, the area of expertise of the witness; (5) whether each witness will testify live, by video deposition, or by reading of deposition testimony; (6) the anticipated length of time required for direct examination, cross examination, and redirect examination of each witness; (7) the anticipated length of time required for each party's closing argument; (8) any additional matters that may affect the course of trial; and (9) an accurate summation of the total time allocated in the trial plan.

---

[3] If adjustments become necessary during trial, the Court will not require the parties to call their witnesses in the order in which they are listed in the joint trial plan, as long as sufficient advance notice of the adjustments is provided to the Court and opposing counsel. However, the Court expects very little deviation from the joint trial plan in all other respects.

The Court prefers the trial plan to be submitted using the following format:

| ▮▮▮▮▮ Opening Statement (estimated time) | | | 15 min | | |
|---|---|---|---|---|---|
| ▮▮▮▮▮ Opening Statement (estimated time) | | | 15 min | | |
| ▮▮▮▮▮ Proposed Witnesses (in proposed sequence) | Relationship to Party(s) | Live / Depo / Video * | Time Estimate for | | |
| | | | Direct | Cross | Redirect |
| 1. ▮▮▮▮▮ | Chief Operating Officer and General Counsel ▮▮▮▮▮ | L | 15 min | 20 min | 5 min |

Prior to filing the joint trial plan, the parties shall meet and confer regarding the matters outlined therein. The parties shall certify in the joint trial plan that they have complied with this requirement.

**5. TRIAL NOTEBOOK**

On or before noon on the Thursday preceding trial, the parties shall jointly submit, via hand-delivery to Chambers,[4] a trial notebook that contains documents relevant to trial as discussed below. Unless a requested document has not been filed with the Clerk, the requested document must be printed directly from CM/ECF. The documents must be organized in tabular fashion (with the tabs created and inserted by the parties) as follows:

- **Tab 1**: Trial Outline (containing the joint trial plan and joint pre-trial stipulation)

- **Tab 2**: Pleadings (containing the operative complaints, answers, and affirmative defenses)

- **Tab 3**: List of Witnesses (containing all parties' witness lists)

- **Tab 4**: Exhibit Lists (containing all parties' exhibit lists on AO form 187 or a similar form)

---

[4] If trial is set in Fort Pierce, delivery should be to Chambers in Fort Pierce. If trial is set in West Palm Beach, delivery should be to Chambers in West Palm Beach.

- **Tab 5**: Pre-trial Orders (the Court will insert the necessary documents into this tab)

- **Tab 6**: Voir Dire/Standard/Selection/Peremptory Strikes (containing a joint description of the case, to be read to jurors by the Court, and all parties' proposed voir dire questions)

- **Tab 7**: Preliminary Jury Instructions (containing the joint preliminary jury instructions from the pattern Eleventh Circuit instructions)

- **Tab 8**: Cautionary Instructions (the Court will insert the necessary documents into this tab)

- **Tab 9**: Deposition Designations (containing joint deposition designations with objections)

- **Tab 10**: Final Instructions (containing the joint proposed final jury instructions)

- **Tab 11**: Verdict (containing the parties' proposed verdict form(s))

The parties' obligations to provide the documents outlined above in the trial notebook do not relieve the parties of their respective obligations to provide Microsoft Word files of certain documents, such as proposed jury instructions, proposed voir dire questions, and proposed verdict forms.

### 6. **HEARINGS**

The Court will review *sua sponte* any motions (other than those referred to the Magistrate Judge) and determine which motions are appropriate for a hearing. Hearings usually are conducted from Monday through Friday beginning at 8:30 a.m., and are conducted for 15 minutes, unless the Court determines that more time is needed based on such factors as the complexity of the issues, the number of motions, or whether the hearing is evidentiary in nature. Counsel is allowed to appear in person or via telephone. In order to appear via telephone, counsel must file a notice of telephonic appearance, as set forth in the Order Setting Hearing, at least one (1) day prior to the hearing. The Court will endeavor to give to the parties as much notice of the scheduled hearing as possible, but, at times, notice may be within a week of the hearing. The

Court's *sua sponte* setting of hearings on motions does not preclude the parties from requesting oral argument, as appropriate, on filed motions.

## 7. REFERRAL OF CERTAIN PRE-TRIAL MOTIONS

Pursuant to 28 U.S.C. § 636(b)(l)(A) and the Magistrate Judge Rules of the Local Rules of the Southern District of Florida, the above-captioned cause is referred to United States Magistrate Judge Dave Lee Brannon for appropriate disposition of all *pro hac vice* motions, motions to substitute counsel, and pre-trial motions related to discovery.

## 8. MOTIONS FOR SUMMARY JUDGMENT AND STATEMENTS OF MATERIAL FACTS

Local Rule 56.1(a) requires a motion for summary judgment (and opposition thereto) to be accompanied by a statement of material facts. Pursuant to Local Rule 56.1(a)(2), this statement of material facts must be supported by *specific* references to pleadings, depositions, answers to interrogatories, admissions, and affidavits on file with the court. In the event a respondent fails to controvert a movant's supported material facts in an opposing statement of material facts, the movant's material facts will be deemed admitted. Local Rule 56.1(b). In the interest of judicial economy, in the interest of proper and careful consideration of each party's statement of material facts, and in the interest of determining matters on summary judgment on the merits, the Court hereby orders the parties to file any statement of material facts as follows:

A statement of material facts shall be a separate filing from a motion for summary judgment or a response to a motion for summary judgment.

Each material fact in the statement that requires evidentiary support shall be supported by a specific citation. This specific citation shall reference pages (and line numbers, if necessary) of exhibits. When a material fact requires evidentiary support, a **general citation to an exhibit, without a page number or pincite, is not permitted.**

Each cited exhibit must be an attachment to the statement of material facts. By way of example, a statement of material facts may be filed in CM/ECF[5] with attachments as follows:

| Document Number: 113 | | 8 pages | 206 kb |
|---|---|---|---|
| **Attachment** | **Description** | | |
| 1 | Exhibit A - Amended Complaint | 33 pages | 1.0 mb |
| 2 | Exhibit B - ▮ Answer to Amended Complaint | 5 pages | 105 kb |
| 3 | Exhibit C - ▮ Affidavit dated 7/28/15 | 27 pages | 4.4 mb |
| 4 | Exhibit D - Part 1 - ▮ Affidavit dated 6/10/15 | 11 pages | 292 kb |
| 5 | Exhibit D - Part 2 | 33 pages | 1.1 mb |
| 6 | Exhibit D - Part 3 | 17 pages | 0.6 mb |
| 7 | Exhibit D - Part 4 | 27 pages | 7.7 mb |
| 8 | Exhibit D - Part 5 | 25 pages | 4.1 mb |

All citations in the statement of material facts must cite to the attached exhibits. For example, a citation could be to "Exhibit A, ¶ 2" or (for a deposition) "Exhibit C, p. 12 line 15" or "Exhibit C, 12:15".[6] Hypothetical unacceptable citations include the following: "Exhibit B" or "Smith Affidavit". Similarly, a party should not cite to "Smith Affidavit, pgs. 223-24" and should instead cite to "Exhibit E, Smith Affidavit, pgs. 223-24".

A respondent's statement of material facts must specifically respond to each statement in the movant's statement of material facts. By way of example, if a movant's statement of material facts reads as follows:

---

[5] The Court recognizes that pro se parties do not have control over how their filings appear in CM/ECF. Nonetheless, a pro se litigant's paper filing must comply with the requirements of this Order.
[6] The citations in this section are not intended to correspond directly to the example image of a filing in CM/ECF.

**MOVANT'S STATEMENT OF MATERIAL FACTS**

1. Blackacre is owned by Movant. Exhibit B, ¶ 2.

2. Blackacre is currently under contract for sale. Exhibit C, pgs. 2-4.

A respondent's statement of material facts must clearly respond to each of the foregoing:

**RESPONDENT'S STATEMENT OF DISPUTED FACTS
IN OPPOSITION TO MOVANT'S STATEMENT OF MATERIAL
FACTS AND STATEMENT OF ADDITIONAL MATERIAL FACTS
IN OPPOSITION TO MOVANT'S MOTION FOR SUMMARY JUDGMENT**

Paragraph 1: Undisputed

Paragraph 2: Disputed. The contract for sale was never executed. Exhibit A, ¶ 5.

After a respondent addresses each of a movant's statement of material facts (and all disputed facts should be supported by specific citations) as above, a respondent may provide additional statements of material fact in accordance with the requirements of this Order.

In the event a party fails to comply with the requirements delineated in this section, the Court may strike the deficient statement of material facts and require immediate compliance, together with any other sanctions that the Court deems appropriate.

9. **COURTESY COPIES**

Notwithstanding the implementation of CM/ECF, all parties shall deliver a courtesy copy to the Intake Section of the **Clerk's Office** all motions exceeding twenty-five pages. This copy shall be bound and any attachments and/or appendices must be indexed with tabs.

10. **PROPOSED ORDERS**

Pursuant to the CM/ECF Administrative Procedures, counsel shall send proposed orders in <u>Word format</u> for all motions to be decided by the undersigned directly to <u>Rosenberg@flsd.uscourts.gov</u>.[7]

## 11. **PRE-TRIAL STIPULATION**

The Joint Pre-trial Stipulation shall conform to S.D. Fla. L.R. 16.1(e). The Court will not accept unilateral pre-trial stipulations, and will strike *sua sponte* any such submissions. Should any of the parties fail to cooperate in preparing the Joint Pre-trial Stipulation, all other parties shall file a certification with the Court stating the circumstances. Upon receipt of such certification, the Court will issue an order requiring the non-cooperating party or parties to show cause why such party or parties (and their respective attorneys) should not be held in contempt for failure to comply with the Court's order. The pre-trial disclosures and objections required under Fed. R. Civ. P. 26(a)(3) should be served, but not filed with the Clerk's Office, as the same information is required to be attached to the parties' Joint Pre-trial Stipulation. The filing of a motion to continue trial shall not stay the requirement for the filing of a Pre-trial Stipulation.

## 12. **NON-COMPLIANCE WITH THIS ORDER**

Intentional or repeated non-compliance with any provision of this Order may subject the offending party to sanctions or dismissal. It is the duty of all counsel to enforce the timetable set forth herein in order to ensure an expeditious resolution of this cause.

## 13. **SETTLEMENT**

If the case is settled, counsel shall promptly inform the Court by calling the chambers of U.S. District Judge Robin L. Rosenberg at (772) 467-2340 and, within 10 days of notification of settlement to the Court, submit an appropriate Motion or Stipulation and proposed order for

---

[7] This does not apply to motions that will be decided by Magistrate Judge Brannon.

dismissal, pursuant to Federal Rule of Civil Procedure 41(a). The parties shall attend all hearings and abide by all time requirements unless and until an order of dismissal is filed.

**DONE and ORDERED** in Chambers, Fort Pierce, Florida, this 10th day of May, 2016.

Copies furnished to:  
Counsel of record

ROBIN L. ROSENBERG  
UNITED STATES DISTRICT JUDGE