UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 15-cv-62334-ROSENBERG-BRANNON

TAURIGA SCIENCES, INC.,
A Florida Corporation,

       Plaintiff,

v.

COWAN, GUNTESKI & CO., P.A.,
A Foreign Corporation; DONALD
COWAN, an Individual; and WILLIAM
MYLER, an Individual,

       Defendants.
_____/

**DEFENDANTS' REPLY IN FURTHER SUPPORT OF THEIR
MOTION TO DISMISS AND/OR TO TRANSFER VENUE**

Defendants Cowan, Gunteski & Co., P.A. ("CGC"), Donald Cowan ("Cowan") and William Meyler ("Meyler")[1] (collectively, "Defendants"), by their attorneys, Andrew L. Cole and LeClairRyan, respectfully submit this Reply in further support of their motion to dismiss or, in the alternative, transfer venue (Docket No. 23).

**INTRODUCTION**

Ignoring Defendants' motion based on improper venue, the Plaintiff raises two arguments in opposition to Defendants' motion to dismiss for lack of personal jurisdiction: (i) that by causing injury to an entity incorporated in the State of Florida and that company's investors located in the State of Florida, the Defendants subjected themselves to personal jurisdiction in the State; and (ii) that by working with an accounting firm with a branch office in Florida in

---

[1] Meyler was incorrectly named in this action as "William Myler."

1

connection with the Plaintiff's audit, Defendants should have expected to be sued in Florida with respect to the audit.  The Plaintiff also suggests that Florida's long-arm statute permits personal jurisdiction over the Defendants under the facts alleged.

To the extent Plaintiff has opposed Defendants' motion its arguments fall short.  Plaintiff fails to identify any provision of Florida's long-arm statute that would permit the exercise of personal jurisdiction over the Defendants in this case.  Plaintiff also fails to overcome the long line of cases holding that the mere fact that an allegedly injured party resides in a particular state is an insufficient basis on which to assert personal jurisdiction.  Finally, the mere happenstance Florida situs of a non-party to this action, where there is no evidence to refute Defendants' sworn assertions that they did not perform any work in the State of Florida, has no bearing on a minimum contacts analysis.

<u>**ARGUMENT**</u>

**I.      Plaintiff Fails to Identify Any Applicable Provision of Florida's Long Arm Statute**

The Plaintiff's opposition to Defendants' motion fails to cite to <u>any</u> section of Florida's long-arm statute that might plausibly confer personal jurisdiction over Defendants.  The Plaintiff in fact cites no provision of the long-arm statute other than the preamble (which sets forth no basis for the exercise of personal jurisdiction).  (Opp., pg. 3).  On this basis alone, Plaintiff's Complaint should be dismissed for failure to plead or otherwise demonstrate a proper basis of jurisdiction over the out of state defendants. *See United Tech. Corp. v. Mazer*, 556 F.3d 1260, 1274 (11th Cir. 2009).

Assuming Plaintiff's opposition could be construed as asserting that Defendants committed a tort in the State of Florida, conferring jurisdiction pursuant to Fla. Stat. § 48.193(1)(a)(2), the Plaintiff fails to provide the necessary factual support for jurisdiction.  As

2

the Eleventh Circuit has made clear, where, as here, the defendant submits factual affidavits sufficient to refute jurisdiction, the plaintiff must produce evidence supporting jurisdiction. *United Tech.*, 556 F.3d at 1274.

Rather than presenting evidence of the Defendants' purported contacts with the State of Florida, the Plaintiff simply re-hashes its conclusory allegation that the Defendants are subject to jurisdiction because they knew they were conducting business with a corporation nominally incorporated in Florida. (*Compare* Complaint, ¶¶ 3-5 *with* Opp.). Tauriga fails to provide *any* concrete facts demonstrating that it plausibly suffered injury in Florida. Tauriga fails to address the facts set forth in sworn declarations in support of Defendants' motion, including that: (1) engagement letters for Defendants' services were addressed to Tauriga in Connecticut; (2) CGC's invoices were addressed to Connecticut and paid from bank accounts in New York and Montreal, and (3) Defendants never sent any mail or directed any correspondence to Florida in performing the 2014 Audit. (*See* Cowan Dec. and Meyler Dec.).

Furthermore, the Plaintiff does not contest any of the facts set forth in Defendants' declarations, including that: (1) the Plaintiff conducts no business in Florida; (2) the Plaintiff has no employees or officers in Florida, and (3) the Plaintiff has no bank accounts in Florida. Notably, the Plaintiff even fails to address the fact that it recently asserted in another Florida litigation that it was a "foreign entity" with "its principal [sic] place of business outside the state of Florida." (Exhibit A, Caption and ¶ 3). The Plaintiff also does not refute that its 10-K filings and registration with the Florida Secretary of State both list Connecticut as its place of business. (Exhibit B & Exhibit C). Plaintiff wholly fails to enunciate any factual basis for its assertion that the Defendants caused injury in the State of Florida.

*OSI Indus., Inc. v. Carter*, 834 So.2d 362 (Fla. 5th DCA 2003), cited by Plaintiff, does not merit a different conclusion.  In that action, jurisdiction was sustained over a non-resident defendant who committed fraud during a phone call knowingly made to a person in Florida.  *Id.* at 367.  Critically, the present action against Defendants contains no allegations whatsoever that Defendants committed any wrongdoing of any type directed at Tauriga or its unnamed shareholders in Florida.  (*See* Complaint).  Even assuming Tauriga can be deemed a Florida citizen, allegations by a Florida client of malpractice committed by a non-resident professional are not sufficient to support jurisdiction.  *Peavy v. Klausner*, 2011 WL 3841633, at *5 (M.D. Fla. Aug. 3, 2011).

## II.     Plaintiff's Incorporation in the State of Florida is Insufficient to Confer Personal Jurisdiction Over the Defendants

Plaintiff argues that the Defendants caused injury to the Plaintiff, which is incorporated in the State of Florida, and indirectly injured Plaintiff's investors, some of whom are also located in the State of Florida (but none of whom Plaintiff actually identifies by admissible evidence).  However, as Defendants made clear in their main Memorandum of Law, neither a plaintiff's incorporation in the State nor a defendant's authorization to conduct business in the State is sufficient to support jurisdiction.  *MPS Entmt., LLC v. Headrush Apparel, Inc.*, 2013 WL 5446543, at *6 (S.D. Fla. Sep. 30, 2013); *Sofrar, S.A. v. Graham Engineering Corp.*, 35 F.Supp.2d 919, 921 (S.D. Fla. 1999).  Tauriga fails to address these authorities.  *See also Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474 (1985) ("Although it has been argued that foreseeability of causing injury in another State should be sufficient to establish such contacts there when policy considerations so require, the Court has consistently held that this kind of foreseeability is not a "sufficient benchmark" for exercising personal jurisdiction.").

4

While the Plaintiff asserts, without any evidentiary support, that the Defendants caused injury in the State of Florida, the only connection between the alleged injury and the State of Florida is the mere fact that the Plaintiff is incorporated there (the Plaintiff has not disputed that it does not even maintain offices in the State of Florida), and that some investors (unspecified non-parties even further removed) reside in the State of Florida.  Such contacts have never been sufficient under either long-arm jurisdiction or the Due Process Clause of the United States Constitution to support an exercise of personal jurisdiction over a non-resident defendant.

### III. A Non-Party's Situs in Florida, Absent Purposeful Acts by the Defendant Directed to the State of Florida, is Insufficient to Confer Personal Jurisdiction in the State.

Minimum contacts analyses focus on the purposeful contacts of a defendant to the forum state.  Plaintiff seeks to muddy this analysis by suggesting that a non-party's contacts with the State of Florida should be attributed to the Defendants thereby subjecting them to personal jurisdiction despite the Defendants' lack of any contacts with Florida.  Plaintiff cites to no case in which the contacts of an independent non-party[2] to the forum state are attributed to a defendant.  As has been the case since *International Shoe Co. v. Washington*, 326 U.S. 310, 316, "the constitutional touchstone remains whether the *defendant* purposefully established 'minimum contacts' in the forum state."  (Emphasis added).  Indeed, "[d]ue process limits on the State's adjudicative authority principally protect the liberty of the nonresident defendant – not the convenience of plaintiffs or third parties." *Walden v. Fiore*, 134 S.Ct. 1115, 1122 (2014).  "We have consistently rejected attempts to satisfy the defendant-focused 'minimum contacts' inquiry by demonstrating contacts between the plaintiff (or third parties) and the forum State."  *Id.* (citing *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 417 (1984)).

---

[2] Plaintiff has not submitted any evidence suggesting any connection or relationship between Defendants and Cherry Bekaert.

5

The Plaintiff completely ignores this established line of Supreme Court precedent in arguing that either the Plaintiff's or Cherry Bekaert's purported presence in Florida is sufficient to satisfy due process requirements. By doing so, the Plaintiff has failed to demonstrate how Defendants have sufficient minimum contacts to be subject to personal jurisdiction in the State, warranting dismissal of this action based on lack of personal jurisdiction.

## IV.     Venue is Not Proper in This District

The Plaintiff fails to address Defendants' argument that venue is not proper in this Court. The Plaintiff has not and cannot make any showing that any of the subsections of 28 U.S.C. §1391(b) support venue in this Court. As a result, venue is improper, and therefore, this action should be dismissed on the ground of improper venue pursuant to 28 U.S.C. § 1406(a), or, alternatively, transferred to the U.S. District Court for the District of New Jersey, the district in which all Defendants reside and where a substantial part of the events or omissions giving rise to the claim occurred.

## **CONCLUSION**

In light of the foregoing, and for those additional reasons appearing in Defendants' papers submitted in support of their motion to dismiss and/or transfer venue, the pleadings and on the record, Defendants respectfully request that the Court dismiss this action for lack of personal jurisdiction over them or on the ground of improper venue. In the alternative, this action should be transferred to the United States District Court for the District of New Jersey, along with such other and further relief as this Court may deem just and proper.

Date:  July 15, 2016  Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　　　 */s/ Andrew L. Cole*
　　　　　　　　　　　　　　　　　　　　　　Andrew L. Cole (FL Bar No. 0187496)
　　　　　　　　　　　　　　　　　　　　　　andrew.cole@leclairryan.com
　　　　　　　　　　　　　　　　　　　　　　LeClairRyan, P.C.
　　　　　　　　　　　　　　　　　　　　　　180 Admiral Cochrane Drive, Suite 520
　　　　　　　　　　　　　　　　　　　　　　Annapolis, Maryland 21401
　　　　　　　　　　　　　　　　　　　　　　P. (410) 224-3000
　　　　　　　　　　　　　　　　　　　　　　F. (410) 224-0098

　　　　　　　　　　　　　　　　　　　　　　*Attorneys for Defendants Cowan,*
　　　　　　　　　　　　　　　　　　　　　　　*Gunteski & Co., P.A., Donald Cowan*
　　　　　　　　　　　　　　　　　　　　　　　*and William Meyler*

### CERTIFICATE OF SERVICE

　　I HEREBY CERTIFY, that on this 15th day of July, 2016, I electronically filed the foregoing reply in support of motion to dismiss with the Clerk of the Court by using the CM/ECF system which will send notice of electronic filing to counsel of record specified below:

　　　　　　　　　　Paul K. Silverberg, Esq.
　　　　　　　　　　Kraig S. Weiss, Esq.
　　　　　　　　　　SILVERBERG & WEISS, P.A.
　　　　　　　　　　1290 Weston Road, Suite 218
　　　　　　　　　　Weston, Florida 33326

　　　　　　　　　　　　 */s/ Andrew L. Cole*
　　　　　　　　　　　　Andrew L. Cole