**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No.: 15-cv-62334-ROSENBERG-BRANNON**

TAURIGA SCIENCES, INC.,
A Florida Corporation,

                    Plaintiff,

v.

COWAN, GUNTESKI & CO., P.A.,
A Foreign Corporation; DONALD
COWAN, an Individual; and WILLIAM
MYLER, an Individual,

                    Defendants.

_____/

**DEFENDANTS' MOTION FOR PROTECTIVE ORDER AND**
**INCORPORATED MEMORANDUM OF LAW**

       Defendants Cowan, Gunteski & Co., P.A., Donald Cowan and William Meyler

(collectively the "Defendants"), by counsel and pursuant to Fed. R. Civ. P. 26(c), move for the

issuance of a protective order staying discovery until Defendants' jurisdictional challenges to this

action are resolved, and for cause, state as follows:

**Preliminary Statement**

       In this accounting malpractice case arising out of the 2014 fiscal year audit of Plaintiff

Tauriga Sciences, Inc. ("Tauriga") by the small New Jersey firm of Cowan, Gunteski & Co.,

P.A. ("CGC"), CGC and two of its principals, defendants Donald Cowan and William Meyler

(collectively "Defendants"), move for the Court's assistance while their motion to dismiss or, in

the alternative to transfer due to improper venue, is pending.  This application has been

19081354.1

necessitated by Tauriga's refusal to defer discovery until a court of competent jurisdiction enters a confidentiality order, a condition the Defendants have been forced to insist on due to Tauriga's previous violations of its confidentiality obligations, as well as having provided confidential information to a purported shareholder, John Cesario, who recently published it via an improperly e-filed letter to the Court accusing CGC, its insurance company and attorneys of engaging in a criminal conspiracy to extort Tauriga, and CGC of receiving improper referral fees, among other wrongdoing.

## **Introduction**

On November 4, 2015, Tauriga commenced this diversity action against the Defendants seeking unspecified monetary damages.  Tauriga's complaint [Docket Entry 1] is devoid of any basis of personal jurisdiction over any of the non-resident Defendants, or any proper allegations of venue.  Instead, the Complaint simply alleges that each of the Defendants "knew that Tauriga was a Florida corporation and, thus, would subject itself to venue [sic] in Florida in the event of controversy or litigation."  Complaint, paragraphs 3, 4 and 5.[1]  After the mediation required by Tauriga's engagement letter with CGC proved unsuccessful, on June 13, 2016 the Defendants moved to dismiss pursuant to Fed. R. Civ. P. 12(b)(2) and/or to dismiss or alternatively transfer to the United States District Court for the District of New Jersey pursuant to 28 U.S.C. § 1406(a).  [Docket Entry 23].

Plaintiff submitted its limited opposition on June 20, 2016, choosing only to address personal jurisdiction while ignoring the independent venue requirements of 28 U.S.C. § 1391

---

[1] Even if the statement that Tauriga was a Florida corporation was true, which is far from certain even at the pleadings stage, it is insufficient to confer either personal jurisdiction or venue in Florida.  Moreover, this assertion is fundamentally inconsistent with the claim Tauriga recently asserted in the Circuit Court for Hillsborough County, Florida in <u>Tauriga Sciences, Inc.</u> v. <u>Cleartrust LLC</u>, Case No. 14-CA-009076.  In that case, Tauriga, represented by its current counsel, identified itself in the caption as "a foreign entity" and its complaint alleged that "Tauriga is a corporation with its principle [sic] place of business outside the State of Florida."

[Docket Entry 28].  Defendants filed their reply on July 15, 2016, [Docket Entry 29] and the motion is currently sub judice.  The Defendants complied with the requirements of Rule 12(h) and preserved their defense of lack of personal jurisdiction by including it in their pre-answer motion to dismiss.  Defendants have never volunteered to litigate the merits of this case in Florida.[2]  On July 28, 2016, Tauriga served its first request for documents directed to each defendant (Exhibit A), and informally requested proposed dates and locations for Mr. Meyler's deposition.

On July 21, 2016 the parties conducted their Rule 26(f) conference, at which time Defendants' need for a court-ordered confidentiality order was raised.  Thereafter, drafts of the Rule 26 report were exchanged.  Counsel next spoke on July 29, 2016, during which Defendants again stated the need for a confidentiality stipulation approved by the appropriate court in view of Tauriga's previous violations.  On July 29th the parties also discussed a potential resolution of the issues raised in Defendants' motion to dismiss/transfer.  On August 9, 2016 Tauriga's counsel was sent Defendants' proposed confidentiality stipulation, to which no comments or substantive response has to date been received.  On August 17th the parties exchanged emails, but were again unable to resolve the issue raised in the instant motion.

---

[2] Defendants' need to file this application for a limited protective order conditioning any discovery on the entry of an appropriate court approved confidentiality stipulation is not intended to and should not be construed as a waiver of any of its grounds for dismissal, including lack of personal jurisdiction.  Under Rule 12(h)(l), the Defendants preserved their right to contest personal jurisdiction in their pre-answer motion to dismiss.  The filing of this defensive motion does not constitute a waiver, which is the intentional relinquishment of a known right, United States v. Olano, 507 U.S. 725, 733 (1993), and no waiver of Defendants' 12(b)(2) defense is intended or warranted.  See Media Duplication Serve, Ltd. v. HDG Software Inc., 928 F.2d 1228, 1233 & n.2 (1st Cir. 1991) (defendant preserved previously asserted challenge to personal jurisdiction even though it had participated in pretrial proceedings); CF.  William Ryan Homes of Wisconsin, Inc. v. Heritage Dev. of Loiscensin, LLC, 2007 WL 1960625 at *3-4 (June 29, 2007) (filing a counterclaim, compulsory or permissive, cannot waive a party's objections to personal jurisdiction, so long as the requirements of Rule 12(h)(l) are satisfied)(collecting cases).

## Argument

As previously noted, Tauriga's engagement letter for its 2014 audit year required pre-suit mediation.  Shortly after filing suit, Tauriga belatedly agreed to mediation, and this action was stayed on consent in favor of the mediation.  [Docket Entries 14, 15].  The mediation proceeded in New York City on February 3, 2016 pursuant to a standard confidentiality undertaking. Toward the end of the mediation, Tauriga's chief executive, Seth Shaw, announced his intention of disclosing what had transpired during the mediation.  When reminded by the mediator of the confidential nature of the mediation process, including what transpired during the mediation, Mr. Shaw responded in the presence of CGC's representatives that he was obligated to update Tauriga's board of directors on the day's developments, and that the Board would be bound to maintain confidentiality.  Instead, on the morning of February 5, 2016 Tauriga issued a press release purporting to describe what transpired during the confidential mediation, stating that Tauriga "was able to determine significant weaknesses in Cowan Gunteski's defenses and is increasingly confident in the company's ability to collect on a substantial judgment."  (Exhibit B).

Not to be outdone, on March 8, 2016, while Tauriga was purportedly compiling the documents it had been requested to provide by the mediator in advance of a second mediation session, a further press release was issued (Exhibit C).  In that press release, Tauriga falsely stated that as a result of the parties' mediation it had finally received its audit workpapers, once again making an improper (and incorrect) reference to the parties' confidential mediation process.  More recently, the so-called fraud on the court letter sent by Mr. Cesario on August 8, 2016, in which he disclosed his recent appointment as a "consultant" to Tauriga, revealed that he

has received confidential information originally prepared by CGC, which he improperly chose to post.

In view of these repeated confidentiality violations, Defendants have advised Tauriga's counsel that for discovery, which will include the disclosure of additional confidential and proprietary information belonging to CGC, to proceed, a Court-approved confidentiality order would be required. Tauriga's conduct has demonstrated a complete disregard of its confidentiality undertakings, and the Defendants are entitled to the protection afforded them by a confidentiality order approved by a court of competent jurisdiction. Tauriga's activity establishes that nothing less than a court order prohibiting the public dissemination of confidential information is necessary to deter future confidentiality violations, and, if any future violations occur, to afford Defendants the appropriate remedy. The reasons set forth in Defendants' motion to dismiss or alternatively to transfer, present, we submit, a compelling if not dispositive showing of the absence of any valid basis for the commencement of this action in this court, amply supporting the conclusion that a confidentiality order entered by the United States District Court for the District of New Jersey is not only appropriate, but a requirement to defer future violations or, if necessary, address them should they occur.

Despite the absence of any valid jurisdictional basis or ground for venuing this action in this court, and notwithstanding the absence of any unfair prejudice to Tauriga, which is now current with its public SEC filings, Plaintiff's counsel will not agree to defer discovery until a confidentiality order has been approved. Defendants, on the other hand, face the potential of severe prejudice, particularly in view of Tauriga's track record, if the Defendants are not afforded the basic protection of a standard confidentiality order prior to proceeding with discovery. While this issue could quickly be avoided by an agreement to transfer the action to

19081354.1

5

New Jersey, where it should have been filed in the first instance, Plaintiff has refused to do so absent conditions which would prevent the New Jersey District Court's approval of a confidentiality agreement prior to the commencement of discovery.  It would be a perverse result to require Defendants to proceed with discovery absent an appropriate confidentiality order as a result of Plaintiff having filed suit in a clearly improper forum.

### Conclusion

Accordingly, Defendants respectfully request the entry of a protective order pursuant to Fed. R. Civ. P. 26(c) staying all discovery pending a ruling on Defendants' Motion to Dismiss, extending their time to respond to all pending discovery requests until 30 days following issuance of an Order ruling on Defendants' Motion to Dismiss, and granting such other and further relief as is appropriate under the circumstances.

Dated:  August 23, 2016

Respectfully submitted,

/s/ Andrew L. Cole
Andrew L. Cole (Fla. Bar No. 0187496)
andrew.cole@leclairryan.com
LeClairRyan, A Professional Corporation
180 Admiral Cochran Drive, Suite 520
Annapolis, Maryland  21401
P. (410) 224-3000
F. (410) 224-0098

*Attorneys for Defendant Cowan, Gunteski & Co., P.A., Donald Cowan and William Meyler*

### CERTIFICATE REGARDING CONFERENCE OF COUNSEL

I HEREBY CERTIFY, that on July 29, 2016 at approximately 2:30 p.m. I conducted a telephone conference with Kraig Weiss, counsel for the Plaintiff, during which we sought to

resolve the Defendants' pending Motion to Dismiss and during which Defendants sought a temporary stay of discovery pending the outcome of the motion to dismiss in order to permit Defendants' the opportunity to seek an appropriate confidentiality order from the court that will ultimately preside over this action.  The parties were unable to reach agreement on the subject matter of the foregoing motion.

/s/ Andrew L. Cole
Andrew L. Cole, Florida Bar No. 0187496

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 23rd day of August, 2016, a copy of the foregoing paper or pleading, together with all exhibits and attachments, was served electronically *via* the Court's CM/ECF System, upon all registered users who have entered an appearance in this action, including:

Paul K. Silverberg, Esq.
Kraig S. Weiss, Esq.
SILVERBERG & WEISS, P.A.
1290 Weston Road, Suite 218
Weston, Florida 33326
psilverberg@pkslegal.com
kweiss@pkslegal.com
notices@pkslegal.com
Mmiller@pkslegal.com
npaolino@pkslegal.com
tgordon@pkslegal.com

/s/ Andrew L. Cole

Andrew L. Cole

19081354.1