## Cole, Andrew L.

| | |
|---|---|
| **From:** | Cole, Andrew L. |
| **Sent:** | Monday, August 08, 2016 1:14 PM |
| **To:** | 'kweiss@pkslegal.com'; 'psilverberg@pkslegal.com' |
| **Cc:** | Herzog, Ronald S. |
| **Subject:** | RE: Fraud On The Court - RE Tauriga 0:15-cv-62334-RLR |

Kraig,

During our last call on July 29 at 2:30 p.m., you unequivocally stated that your client was consenting to a transfer to the District of New Jersey and that you would draft and circulate the consent order.

In reliance on that, we have not moved for a protective order with respect to your pending discovery, however I am still waiting for a proposed order from you.

A few moments ago I received the email below from the Court. I am not sure what to make of it, but presume nothing has changed since our last conversation.

Please let me know when you expect to circulate the proposed order.

Thanks,

Andrew

**Andrew L. Cole**
**Attorney at Law**
LECLAIRRYAN
800 North King Street, Suite 303
Wilmington, Delaware 19801
(302) 394-6816

180 Admiral Cochrane Drive, Suite 520
Annapolis, Maryland 21401
(443) 837-1135 Direct
(410) 206-3577 Cell
(410) 224-0098 Fax

Andrew.Cole@leclairryan.com
http://www.leclairryan.com

Please consider the environment before printing this email.

---

**From:** Benjamin_Kennard@flsd.uscourts.gov [mailto:Benjamin_Kennard@flsd.uscourts.gov]
**Sent:** Monday, August 08, 2016 12:40 PM
**To:** johnces7@gmail.com
**Cc:** kweiss@pkslegal.com; psilverberg@pkslegal.com; Cole, Andrew L.
**Subject:** Fw: Fraud On The Court - RE Tauriga 0:15-cv-62334-RLR

Hello Mr. Cesario, these sorts of communications are prohibited by Local Rule 7.7. Communication with Judge Rosenberg must be in the form of a filing with the clerk of the court, such as a motion.



1

Benjamin Kennard
Law Clerk to Judge Robin Rosenberg
United States District Court
Southern District of Florida
101 South US Highway 1 #4044
Fort Pierce, FL

**RE: Tauriga Sciences vs Cowen Gutenski**

**Case #: 0:15-cv-62334-RLR**

Dear Honorable Judge Robin Rosenberg,

I would like to report fraud on the court committed by Attorney Cole of RyanLeclaire in the above referenced matter. As a backdrop to frame the fraud on the court claim please notice Attorney Cole has replaced Attorney Herzog representing Cowan Gutenski et al in this matter subsequent to my filing a complaint with the New Jersey Board of Accountancy claiming attorney Herzog, the insurance carrier and Cowen Gutenski participated in a criminal conspiracy to extort Tauriga Sciences, as well as other claims. .

I filed complaints with the New Jersey Board of Accountancy and the PCAOB charging Cowan Gutenski and its Partners with multiple violations of the code of conduct after the mediation. The complaint claimed that attorney Herzog, the insurance carrier and Cowen Gutenski and its partners committed a criminal conspiracy to extort Tauriga into a low insurance settlement by withholding Tauriga's 2014 work papers from Tauriga's new auditors.There was no lawful reason for Cowan Gutenski and its partners to not forward those work papers to Tauriga's new auditors and there is reason to believe that Don Cowan stated he did not return Tauriga's work papers at the request of the insurance carrier. Cowen Gutenski and its Partners as well as the insurance carrier and attorney were aware of about 11 demands for those work papers to be transferred immediately after the PCAOB censured Cowan and Gutenski for lack of independence and the SEC deemed the 2014 audit unusable. Not only were Tauriga's work papers not returned, none of the requests to have the work papers transferred were even RESPONDED to until mid December 2015, and that response was just a delay stating there were universal papers that needed to be signed. Yet the universal papers were never forwarded or signed by Tauriga and the work papers were not provided to Tauriga at either the first or second mediation. Tauriga did not receive its work papers until March 2016.

The only reason Cowan Gustenski and its Partners could possibly have for violating established Rules regarding transferring working papers was to use the papers to leverage Tauriga into accepting a lower insurance settlement.

**1**. Attorney Cole filed a Motion to Dismiss or in the Alternative Change venue.

**2. Attorney Cole, Don Cowan and Bill Meyler intentionally failed to disclose to the court the working relationship the Defendant had with the Miami/Ft Lauderdale office Cherry Bekeart;** an accounting firm with over 134 affiliated offices in the US per their website. The Defendant has or had a very close working relationship with the Miami Principal Gus Perez of the Miami Office of Cherry Bekeart. Not only did attorney Herzog reference this case in correspondence but Attorney Cole obviously knew about the relationship between Coawn Gutenski and the Miami/Ft Lauderdale office of Cherry Bekeart.

**3**. The Motion to Dismiss or change venue stated that the Defendants motion should be granted

2

because they did both meet the requirements of the Florida Arm Statute or in the alternative Due Process Clause as it relates to minimum contacts.

4. Attorney Cole attached the sworn affidavits of the Defendants managing Partner Don Cowan and Partner Bill Meyler to the motion.

5. In his sworn affidavit, Defendant Don Cowan went to great lengths to disclose that Cowan Gutenski had very few clients in Florida, and that the clients they did have were more or less New Jersey transplants. Cowan also disclosed that one of the partners in an investment firm which was completely independent of the accounting firm resided in Florida

6. **The Defendants failed to disclose that they utilized the services of the Miami/Ft Lauderdale office of Cherry Bekeart for multiple clients** - the relationship between the Defendants and the Miami/Ft Lauderdale office of Cherry Bekeart can be characterized as the Defendants being a contractor and the Miami/Ft Lauderdale office of Cherry Bekeart providing work to Cowan Gutenski as a subcontractor. The Miami/Ft Lauderdale office of Cherry Bekeart would be considered a Third Party Provider in accounting language.

7. As it relates to the Plaintiff's malpractice claim itself, the Defendants forced Tauriga to use the services of the Miami/Ft. Lauderdale office Cherry Bekeart and acted as as an agent.

See attached exhibits. **Exhibits are hosted by Amazon**

**Exhibit A**  Email chain from Meyler copying in Gus Perez of the the Miami/Ft Lauderdale office Cherry Bekeart referencing hiring Cherry Bakeart and forwarding the engagement letter for Tauriga to hire of Cherry Bakeart (which Meyler forgot to attach in first email)

https://s3.amazonaws.com/bbemail/PROD/ulib/3d0u1e/img/CBH_engagement_letter.png

**Exhibit B**   Subsequent email from Meyler attaching the engagement letter for the the Miami/Ft Lauderdale office of Cherry Bekeart.

https://s3.amazonaws.com/bbemail/PROD/ulib/3d0u1e/img/Cherry_Baekert_2.png

8. Normally.professional fees/commissions are paid to referring firms, and if Cowan Gutenski received fees they would have been required to file Florida corporate tax returns claiming any revenue sources from Florida, including Cherry Bakeart.

9. Cowan, Meyler and attorney Cole did not make any attempt to correct the extent of their relationship with the Florida office of Cherry Beleart even after the Tauriga CEO Seth Shaw submitted a sworn affidavit disclosing that Tauriga used Cherry Bekeart and Cowen Gutenski as it related to the 2014 Tauriga audit. Moreover, according to Cowan Gutenski's website they know Court procedures very well, as they state they appear in court frequently. A reasonable person would expect Cowan and Meyler to correct their sworn affidavits considering their legal experience.

In summary, these facts that were intentionally concealed from the Court may not even have weight when you make your ruling. Perhaps providing an aggressive defense includes intentionally submitting misleading sworn affidavits. If so, nothing will become of this. Ultimately, the facts are the facts of the case regardless of where venue is and this email has no effect on the trial. But committing fraud to further delay the damage done to thousands of shareholders does not seem a legitimate legal strategy for attorney Cole to use.

In full disclosure, I am a shareholder and have recently became a consultant. This notice is strictly submitted as a shareholder. My family and friends have made substantial investments to try to assist Tauriga with the capital to overcome the damage the malpractice has caused, including becoming a fully reporting company again. The fact that Tauriga was not a fully reporting company alone has caused issues with at least two merger possibilities. The delay by Cowan Gutenski returning Tauriga's work papers of over 7 months is unconscionable. In the post Maddoff world it is hard to fathom an auditing firm public compounding a malpractice when shareholders are involved. I thought hard and long prior to sending this to you as to avoid the appearance of interfering in this matter. A few shareholders were even discussing enjoining as a shareholder derivative lawsuit as Cowan's conduct is becoming more known.

Best Regards,

John Cesario
15 Darrows Ridge
Eastt Lyme, CT 06333

Copies will be mailed US Priority Mail on Monday.