UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 15-62334-Civ-Rosenberg/Brannon

Tauriga Sciences, Inc.,

    Plaintiff,

v.

Cowan, Gunteski & Co., P.A. et al,

    Defendants.
_____/

## ORDER SETTING DISCOVERY PROCEDURE

THIS CAUSE is before the Court on referral from U.S. District Judge Robin L. Rosenberg for appropriate disposition of all pretrial discovery motions. To ensure an expeditious and just discovery process going forward, the Court ORDERS as follows:

1. Pre-hearing Communication: If a discovery dispute arises, the parties must confer either in person or via telephone in a genuine effort to resolve their discovery disputes before seeking Court intervention.

2. Discovery Calendar: If, after conferring, the parties cannot resolve their discovery dispute, the movant must seek relief within 14 days after the grounds for relief occur by contacting the undersigned's Chambers (561-803-3470) and placing the matter on the next available discovery calendar. The discovery calendar is generally held each Thursday between 1:00 p.m. and 4:00 p.m. The movant shall contact Chambers at least three business days before the next discovery calendar to set the matter for hearing, and shall do so after conferring with opposing counsel and confirming his or her availability for the discovery calendar. The Court will thereafter enter an endorsed order setting the matter for hearing on the next available discovery calendar.

1

3. <u>Discovery Memorandum</u>:  On the same day that the matter is set for hearing, the movant shall email the Court (brannon@flsd.uscourts.gov) and opposing counsel a concise discovery memorandum of three pages or less (1) specifying the substance of the discovery matter to be heard (e.g., "The parties dispute the appropriate time frame for Plaintiff's Interrogatory Nos. 1, 5, 6-9," or "The parties dispute the number of depositions permitted."); (2) certifying that the parties have complied with the pre-hearing communication requirement set forth above; and (3) attaching a copy of all source materials relevant to the discovery dispute (e.g., if the dispute concerns interrogatories, the interrogatories at issue and any responses thereto shall be provided to Chambers).  A response is not required.  If an opposing party wishes to respond, however, such responding party may do so provided that such response is no longer than three pages in length and is submitted to the Court (brannon@flsd.uscourts.gov) within 24 hours of receiving the movant's discovery memorandum.

4. <u>Written Motions</u>:  No written discovery motions, including motions to compel and motions for protective order, shall be filed unless requested by the Court; however, written motions are required for discovery disputes involving non-parties.

5. <u>Resolution of Issues Prior to Hearing</u>:  Even after a hearing has been set, the parties are encouraged to continue negotiating a resolution of disputed discovery matters.  If those efforts are wholly successful, then counsel should contact Chambers as soon as possible to timely cancel the hearing.  If the parties resolve some, but not all, of their issues before the hearing, counsel should also timely contact Chambers to avoid the unnecessary expenditure of judicial resources on matters no longer in dispute.

The Court expects all parties to act courteously and professionally in the resolution of discovery disputes.  The Court may impose appropriate sanctions upon a finding of failure to comply with this Order or other discovery misconduct.

DONE AND ORDERED in Chambers at West Palm Beach in the Southern District of Florida, this 8th day of September, 2016.

                                                    DAVE LEE BRANNON
                                                    U.S. MAGISTRATE JUDGE