UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

**15-cv-62334-ROSENBERG-BRANNON**

TAURIGA SCIENCES, INC.,
A Florida Corporation.

        Plaintiff

vs.

COWAN, GUNTESKI & CO., P.A.
A Foreign Corporation; DONALD
COWAN, an Individual; and WILLIAM
MEYLER, an Individual.

        Defendant.
_____/

**PLAINTIFF'S RESPONSE TO MOTION FOR PROTECTIVE ORDER**

The Plaintiff, TAURIGA SCIENCES, INC. ("Tauriga") a Florida Corporation, by and through its undersigned attorneys and files this Response to the Defendant's Motion for Protective Order, and does state:

**INTRODUCTION**

In the case now, the Defendants seek a protective order despite the fact that they have already sought one, and it was denied by this Court [D. 34]. Nevertheless, the Defendants ask the court to be mindful of the facts and circumstances of this case, including the effect on the public at large in its consideration as to whether the matter requires document restriction.

Tauriga, a publicly traded company, has sued the Defendants for accounting malpractice, unjust enrichment, and Negligent Misrepresentation in the disposition of Tauriga's accounting affairs. As part and parcel to the allegations against the Defendants, the Plaintiff has alleged that, as a publicly traded company, Tauriga must engage a registered public accounting firm in order to

issue an independent audit of its financial statements. In 2013, Tauriga engaged the services of the Defendant, CGC to conduct its independent audit. CGC utilized the services of the Defendant, William Meyler, who had conducted an audit of Tauriga's financial statements for the years 2009-2012. CGC failed to advise Tauriga that, by utilizing Meyler after five years of service, it would render the 2014 audit unusable pursuant to Section 10A of the Securities and Exchange Act, which requires partner rotation. **CGC was publicly reprimanded for these actions.**

The unusable report resulted in Tauriga's publicly traded shares being delisted. As a result of this delisting, Tauriga has endured difficulties in securing additional working capital in order to fund its ongoing operations. Moreover, the negative press has created negative goodwill between Tauriga and its investors, shareholders and associations, which has further damaged its ongoing business, and required Tauriga to utilize its own resources in order to continue its ongoing operations. Additionally, the delisting of Tauriga's stock, caused by CGC, has created a potential contractual default between Tauriga and its other business associations for Tauriga's failure to comply with its reporting requirements.

The lawsuit seeks damages against the Defendants but, it also seeks redemption in Tauriga's status as a investible and viable company – a status that was severely damaged as a result of the Defendant's actions. It is important that Tauriga's investors, or potential investors, know and understand that Tauriga was not the cause of its delisting. Moreover, the public has a right to know, potentially, whether a accounting firm such as the Defendants are engaging in activity which may affect other publicly traded companies – made more important by the fact that the Defendants have already been publicly reprimanded for their actions.

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, a court may grant a protective order "for good cause shown". In doing so, the court must evaluate and balance the

interests of the parties and non-parties concerning dissemination of discovery against the public interest in gaining access to the information.  *See e.g. In Re Alexander Grant & Co. Litigation*, 820 F.2d 352 (11th Cir. 1987).  However, "[r]ule 26's good cause requirement means that, as a general proposition, pretrial discovery must take place in the public unless compelling reasons exist for denying the public access to the proceedings".  *See e.g, Pub. Citizen v. Liggett Group*, 858 F.2d 775 (1st Cir. 1988).

Moreover, the burden would be on the Defendants herein to show a clearly defined, with specificity, and serious injury to them, as the party seeking disclosure.  Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning do not support a good cause showing.  *See e.g. Howard v. Hartford Life & Accident Ins Co*., 275 F.R.D. 649 (M.D. Fla. 2011).

In its Motion for Protective Order, the Defendants have failed to show any "good cause" to substantiate the issuance of an order of protection or confidentiality order.  Instead, the Plaintiff solely relies on an unsubstantiated allegation that Tauriga allegedly disseminated information obtained through a mediation in order to "paint the Defendants in a bad light".  As such, the Defendants claim that "it is likely and probable" that Plaintiff will continue to release information. However, the Defendants have not shown, with any specificity any serious injury, even if true, which may have resulted. Even more so based on that fact the the Defendants have already been publicly reprimanded for their actions.  Nor have the Defendants isolated any trade secrets or information of like type which would need to be protected.  Instead, The Defendants' motion is a classic example of "broad allegations of harm", which does not rise to the level of good cause pursuant to Rule 26.

What the Defendants appear to be *actually* stating is that they don't want their reputation harmed any further by what may be released as part of discovery, taking into account their already

public reprimand.  However, this type of harm does not rise to the level of good cause.  Courts have held that, "[s]imply showing that the information would harm the company's reputation is not sufficient to overcome the strong common law presumption in favor of public access to court proceedings and records….**indeed, common sense tells us that the greater the motivation a corporation has to shield its operations, the greater public's need to know**…" *See e.g. Brown & Williamson Tobacco Corp. v. FTC*, 710 F.2d 1165 (6th Cir. 1983)(emphasis added); *see also Siedle v. Putnum Invs.*, 147 F.3d 7 (1st Cir. 1998)(holding that the mere fact that records may reveal potentially embarrassing information is not in itself sufficient reason to block access).  In the case now, the public and the investing public clearly has a right to know what actions Defendants took which resulted in their public reprimand, as well as whether the Defendants were the cause of Plaintiff's delisting.

Moreover, the Defendants' request for a blanket assertion of confidentiality is improper without a required showing of any documents which may require such designation.  In the Defendants' Motion, they fail to specify *any* document which may require confidentiality.  Instead, the Defendants seek a blanket order of protection which will, *of course*, result in every document produced by the Defendants being marked confidential.  Once court recently discussed the problem with such an order by stating, "…[over] confidentiality designations have consequences.  Dissemination is restricted; when disseminated to deponents, witnesses and experts, written acknowledgement of the binding nature of the confidentiality order must be obtained, verbal for others.  Deposition transcripts are truncated into confidential and non-confidential sections.  Litigants must decide whether to challenge or acquiesce to the designation.  In short, over-designation makes litigation more expensive and more complicated without a worthwhile

purpose." *Minter v. Wells Fargo Bank, N.A.*, (2010 U.S. District Lexis 136006). This coupled with the Plaintiff and the public's right to access clearly falls in favor of no protective order.

     In conclusion, the Defendants have failed in its burden to demonstrate, whatsoever, any good cause for the entry of a protective order. The Defendants have only stated one alleged (and unsubstantiated) instance of conduct but fails to state any actual damage, or any specific instances which necessitate protection. Moreover, the Defendants have failed to demonstrate any documents which would need confidentiality. They have not isolated any trade secret, or other such like information which would need protection. Instead, the Defendants really seek to limit the embarrassment which some of the documents may cause, which is insufficient to issue a protective order. Additionally, based upon the Defendants' arguments, the blanket order would only result in over designations of confidentiality, which would lead to the expansion of this litigation. Finally, and most important, the Defendants have failed to show how their potential embarrassment, or the potential harm resulting from the potential dissemination of exculpatory information to the benefit of Tauriga or its investors, outweighs the public's common law interest in the information. As such, the Plaintiff requests that the Defendants' Motion for Protective Order be denied.

    *Respectfully submitted*,

    SILVERBERG & WEISS, P.A.
    *Attorneys for Plaintiff*
    1290 Weston Road, Suite 218
    Weston, Florida 33326
    Primary e-mail: Notices@pkslegal.com
    Tel: (954) 384-0998/ Fax: (954) 384-5390

    By: /s/ Kraig S. Weiss
        Paul K. Silverberg, Esq.
        Fla. Bar No. 147877
        Kraig S. Weiss, Esq.
        Fla. Bar No. 63193

## CERTIFICATE OF SERVICE

      I hereby certify that on September 13, 2016, I electronically filed the foregoing document with the Court using CM/ECF and served all counsel of record via the CM/ECF System.

                              By: */s/ Kraig S. Weiss*
                                    Paul K. Silverberg, Esq.
                                    Fla. Bar No. 147877
                                    Kraig S. Weiss, Esq.
                                    Fla. Bar No. 63193